(Decided 10th February, 1871 )

WILLIAM H. CRAWFORD, COLUMBUS S. CROOK and JAMES B. CRAWFORD, trading as W. H. CRAWFORD & Co. *vs.* THEODORE G. AUSTIN, DELOZIER DAVIDSON, T. N. CONRAD, ISAAC McCURLEY, JOSHUA T. YOUNG, JOHN R. RIDGELY, and others.

*What does not constitute one a Partner—Right of a Debtor to prefer one Creditor to another.*

An agreement by a firm to pay a person a certain portion of the profits of the business, as a compensation for his services as a salesman, does not constitute such person a partner.

A debtor may prefer one creditor to another, and Equity will not inquire into the motives or inducements to such preference, if the debt preferred be in good faith, and all the property of the debtor, without reservation, be dedicated to the use and benefit of his creditors.

APPEAL from the Circuit Court of Baltimore City.

Crawford, *et al. vs.* Austin, *et al.*

The cause was argued before BARTOL, C. J., STEWART, BRENT, GRASON and ROBINSON, J. ·

*Robert G. Keene* and *John Henry Keene, Jr.,* for the appellants.

*Thos. J. McKaig, Jr.* and *E. Otis Hinkley,* for the appellees.

BRENT, J., delivered the opinion of the Court.

This appeal is from a decree of the Circuit Court of Baltimore City, dismissing the bill of complaint filed by the appellants, for the purpose of setting aside a deed of trust from T. G. Austin and Delozier Davidson, of the firm of T. G. Austin & Co., to T. N. Conrad and Isaac McCurley. The deed is an assignment for the benefit of creditors, with preferences and exacting releases.

The two grounds set forth in the bill, upon which the complainants rely in support of their application, are:

1st. That John R. Ridgely was a member of the firm of T. G. Austin & Co., with Austin & Davidson, and that he did not unite in the deed.

2d. That the preference of Joshua T. Young, as a creditor for $1,550.03, is false and fraudulent—he in fact not being a creditor of the firm at the time.

The only proof that Ridgely was a partner, is found in the testimony of Austin and his statements, after the execution of the deed, to two of the witnesses. He seemed to consider him a partner, but the force of his statement, in that regard, is wholly destroyed, when the ground upon which it was made is disclosed in his testimony. He states in answer to the third and fourth interrogatories, that he considered Ridgely a member of the firm, because "he received a third interest of the profits of the business for services rendered as a salesman." This certainly does not constitute him a partner. Whatever may have been the impression of the witness, and his statement to others founded upon that im-

pression, the position of Ridgely with the firm was nothing more than that of an employee. His duties were those of salesman, for which the firm had agreed to pay him one-third of their profits. On the other hand Ridgely in his testimony proves that he never was a partner; and Austin says, the articles of partnership, under which the firm of T. G. Austin & Co. was formed, were entered into by Davidson and himself only, and were unknown to Ridgely. But even if the terms upon which his services had been engaged, constituted him a member of the firm, the proof is conclusive that he had dissolved his connection with it sometime prior to the execution of the deed, and found employment elsewhere.

In regard to the second allegation in the bill, the proof establishes beyond doubt entire good faith in the preference to Joshua T. Young. The money was loaned by him to the firm in his own name, and so entered upon their books. It was the money of Mrs. Mary L. Ridgely, which she had received, only a short time before, from the estate of her late father, and which she had placed in the hands of Mr. Young for the purpose of having it loaned out. The fact that the loan was made in his name is explained by Mrs. Ridgely, who says it was done at her request.

Another objection, taken to the validity of the deed, is that McKean, Vanhaggen & Co. were made preferred creditors in it, because Austin expected to receive employment from them. Assuming this to be the meaning of Austin's testimony, it does not invalidate the deed. Preferences are no doubt always made from secret motives or inducements operating upon the mind of the grantor, but equity does not inquire into them, if the debts preferred are in good faith, and all the property of the grantor, without reservation, is dedicated to the use and benefit of creditors.

*Decree affirmed.*

(Decided 10th February, 1871.)